IN THE UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF NORTH CAROLINA
STATESVILLE DIVISION
5:13-CR-00053-KDB-DCK-1

| | | |
|---|---|---|
| USA | ) | |
| | ) | |
| v. | ) | <u>ORDER</u> |
| | ) | |
| STONEY SHEW | ) | |
| | ) | |

**THIS MATTER** is before the Court on Defendant Stoney Shew's *pro se* Emergency COVID-19 Motion for Reduction in Sentence and home confinement pursuant to 18 U.S.C. § 3582(c)(1)(A), the First Step Act of 2018, the Coronavirus Aid, Relief, and Economic Security (CARES) Act of 2020, and a request for appointment of counsel. (Doc. No. 490). Having carefully reviewed the Defendant's motion and all other relevant portions of the record, the Court will deny the motion without prejudice to a renewed motion properly supported by evidence.

Section 603(b) of the First Step Act amended § 3582(c)(1)(A), which previously only allowed a court to reduce a term of imprisonment on motion of the Director of Prisons (BOP). Now a court may entertain a motion filed by a defendant: (1) after full exhaustion of all administrative rights to appeal a failure of the BOP to bring a motion on his behalf; or (2) after lapse of 30 days from the receipt of such a request by the warden of his facility, whichever is less.

Defendant filed a request for compassionate release with the warden on August 4, 2020, (Doc. No. 490, at 43-44), and submitted this current motion to the Court on September 15, 2020, stating that he received no response from the warden.

Thereby a lapse of 30 days has occurred. However, the Defendant fails to state any underlying medical conditions in support of his motion for a reduced sentence. The Court acknowledges that Defendant is confined at FMC Butner, which is a medical center. However, Defendant does not allege that he suffers from any medical conditions in his motion and there is no indication that he suffers from any medical conditions (other than substance abuse) in the Presentence Report from April 2015. (Doc. No.383, ¶¶ 75, 77).

In response to the COVID-19 pandemic, the President signed the CARES Act into law on March 27, 2020. Pub. L. 116-136, 134 Stat 281, 516. Section 12003(b)(2) of the Act gives the Director of the BOP authority to lengthen the maximum amount of time a prisoner may be placed in home confinement under 18 U.S.C. § 3624(c)(2) during the covered emergency period, if the Attorney General finds that emergency conditions will materially affect the functioning of the BOP. On April 3, 2020, the Attorney General issued a memorandum to the Director of the BOP making that finding and directing the immediate processing of suitable candidates for home confinement. However, nothing in the CARES Act gives the Court a role in determining those candidates. *See United States v. Caudle,* 740 F. App'x 364, 365 (4th Cir. 2018) (district court lacks authority to govern designation of prisoners under § 3624(c)(2).

Defendant asks the Court to appoint him counsel to assist him with his request for a compassionate release. However, "a criminal defendant has no right to counsel beyond his first appeal." *United States v. Legree,* 205 F.3d 724, 730 (4th Cir. 2000)

(quoting *Coleman v. Thompson,* 501 U.S. 722, 756 (1991). "Though in some exceptional cases due process does mandate the appointment of counsel for certain postconviction proceedings," the defendant has not presented a showing of such exceptional circumstances in this case. *Legree,* 205 F.3d at 730 (internal citation omitted. The Court finds that the interests of justice do not require appointment of counsel to assist the defendant at this time.

Defendant contends that the Eighth Amendment's prohibition against cruel and unusual punishment supports his motion. But Eighth Amendment protections and standards are not applicable to the compassionate release analysis under Section 3582(c). *See United States v. Butler,* No. 16-54-RGA, 2020 WL 3207591, at *3 (D. Del. June 15, 2020) (stating that defendant's contention that BOP officials have mishandled the COVID-19 crisis and are violating the inmates' Eighth Amendment rights does not provide a basis for compassionate release); *United States v. Statom,* No. 08-20669, 2020 WL 261156, at *3 (E.D. Mich. May 21, 2020); *United States v. Rodriguez-Collazo,* No. 14-CR-00387, 2020 WL 2126756, at *3 (E.D. Pa. May 4, 2020) ("Defendant contends that the current conditions at Elkton FCI violate his Fifth and Eighth Amendment rights. However, these claims—which the Court construes as challenging the execution of his sentence at Elkton FCI—are not properly brought in a motion for compassionate release[.]"); *United States v. Numann,* No. 3:16-CR-00025-TMB, 2020 WL 1977117, at *4 (D. Alaska Apr. 24, 2020) (explaining that "claims relating to the manner and conditions of confinement . . . are not properly brought in a motion for compassionate release").

To the extent that Defendant wishes to raise a claim that prison officials' deliberate indifference to his medical needs has resulted in an independent violation of his Eighth Amendment rights, he would need to do so in a lawsuit brought pursuant to *Bivens v. Six Unknown Named Federal Agents of Federal Bureau of Narcotics,* 403 U.S. 388 (1971), not in a compassionate release motion. A civil rights action under *Bivens* will not result in Defendant's immediate release, but rather is a private action for damages against federal officials alleged to have violated a citizen's constitutional rights. Therefore, to the extent Defendant is challenging the execution of his confinement and seeks immediate release from custody due to alleged Eighth Amendment violations, he should file a petition seeking habeas corpus relief under § 2241. That petition must be filed in the district of confinement. *See generally United States v. Little,* 392 F.3d 671, 679 (4th Cir. 2004) (holding that the district court in which the defendant filed his § 2241 was not the proper venue because it was not the district of confinement).[1]

**IT IS, THEREFORE, ORDERED**, that the Defendant's *pro se* Emergency COVID-19 Motion for Reduction in Sentence pursuant to 18 U.S.C. § 3582(c)(1)(A), (Doc. No. 490), is **DENIED** without prejudice to a renewed motion properly supported by evidence.

**SO ORDERED.**

Signed: September 17, 2020

Kenneth D. Bell
United States District Judge

---

[1] Defendant is confined at FMC Butner, which is located in the Eastern District of North Carolina.